SKC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Luna Bueno,<br><br>   Plaintiff,<br><br>v.<br><br>J. Chang, et al.,<br><br>   Defendants. | No. CV 16-03450-PHX-DGC (JZB)<br><br>**ORDER** |

  Plaintiff Ramon Luna Bueno, who is confined in the Maricopa County Fourth Avenue Jail, has filed, through counsel, a civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Injunctive Relief. (Doc. 20.) Defendants Maricopa County and Maricopa County Sheriff's Office (MCSO) Deputy Don Marchand oppose the motion. The motion has been fully briefed. (Docs. 21, 22.) The Court will deny the motion.

**I. Background**

  On screening of Plaintiff's seven-count First Amended Complaint, the Court found that Plaintiff stated state law tort claims against a number of City of Phoenix Police Department employees ("City Defendants") in Count Two; Fourth, Fifth, and Fourteenth Amendment excessive use of force claims against City Defendants in Count Four; Fourth, Fifth, and Fourteenth Amendment medical care claims against Maricopa County and a number of Maricopa County employees ("County Defendants") in Count Five; and Fourth, Fifth, and Fourteenth Amendment right to counsel claims against County

Defendants in Count Six and ordered these Defendants to answer the claims against them. (Doc. 25.) The Court dismissed the remaining claims and Defendants. (*Id.*)

## II. Motion for Injunctive Relief

In his Motion for Injunctive Relief, Plaintiff seeks "a preliminary injunction directing the County Defendants to permit undersigned counsel reasonable in-person visitation with Plaintiff." (Doc. 20 at 1−2.)

Plaintiff alleges that County Defendants have denied him access to counsel on a number of occasions. (*Id.* at 2.) In particular, on October 10, 14, and 23, 2015, when counsel Jimmy Borunda first began to meet with Plaintiff regarding potential representation in this action, County Defendants did not permit Mr. Borunda to use the attorney/client legal visitation room, but instead allowed him only cell-side visits with Plaintiff because Mr. Borunda was not "counsel of record" in Plaintiff's criminal case. (*Id.* at 3.) On October 28, 2015, Mr. Borunda received a call from Captain Scott Vail, who explained that, upon orders of Jail Commander Don Marchand, Mr. Borunda could only meet with Plaintiff via video conferencing or cell-side visits, even though Mr. Borunda explained he was hard of hearing in his right ear, he had difficulty hearing Plaintiff, and there was no privacy or confidentiality in these types of visits. (*Id.* at 4.)

Over the next several months, Mr. Borunda wrote to both Captain Vail and Commander Marchand about these issues and complained about the difficulty of establishing "an atmosphere of personal trust" with Plaintiff without in-person visits. (*Id.*) In response, Marchand called Mr. Borunda and accused him of sending duplicative email and phone messages and attempting to trick Marchand into responding in writing. (*Id.*) He told Mr. Borunda to "take him to court" because his position regarding in-person visits was not going to change. (*Id.*)

After Plaintiff filed this action on October 8, 2016, and MCSO came under a new administration, Mr. Borunda again went to the Fourth Avenue Jail to attempt to visit with Plaintiff on August 13, 2017. (*Id.* at 5.) At that time, Mr. Borunda was escorted to the legal visitation room, but then told by Sergeant Heino that he would only be able to meet

1 with Plaintiff cell-side. (*Id.*) The visitation slip generated that day sates: "Per Sgt. Brown Attny Mr. Borunda can not [sic] use legal room 4 visits." (*Id.,* Doc. 20-2 at 2.) As of the time he filed this motion, Mr. Borunda still had not been able to visit with Plaintiff as requested. (Doc. 20 at 5.) Plaintiff seeks injunctive relief and attorneys' fees. (*Id.* at 10−11.)

### III.   Legal Standards

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law

1  clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**IV. Discussion**

In response to Plaintiff's Motion, Defendants argue that the restrictions initially placed on Mr. Borunda's visits with Plaintiff were well-intentioned due to Plaintiff's placement in the Special Management Unit (SMU) where the movement of inmates must be carefully controlled due to heightened security concerns, but, upon further review, these restrictions were found to be unnecessary and have been lifted, rendering Plaintiff's motion moot. (Doc. 21 at 2−3.) According to Defendants, Mr. Borunda is now able to meet with Plaintiff just as any other attorney is able to meet with his or her clients, including in-person visits in the interview room referenced in Plaintiff's motion. (*Id.* at 3.) In support, Defendants provide the affidavit of Captain Vail in which Vail testifies that he has directed that "Mr. Borunda and Mr. Bueno shall have access to the private interview room as long as usual scheduling protocol is followed, the same as any other attorney and client," and "[a]bsent some unexpected emergency or demonstrated security concern, this access will not be changed without prior approval of the Court." (Doc. 21-1 ¶ 10.)

Plaintiff argues in his reply that the motion is not moot because Defendants have not made a sufficient showing that this new practice regarding his visits with Plaintiff is permanent. (Doc. 22 at 2−9.) Plaintiff further argues that, even if the Court denies Plaintiff's request for injunctive relief, Plaintiff's request for attorney fees is still outstanding and militates against a finding of mootness. (*Id.* at 9−11.)

. . . .

**A. Mootness**

Plaintiff first argues on the basis of *Natural Resources Defense Council v. County of Los Angeles*, 840 F.3d 1098, 1102 (9th Cir. 2016), that, to make a showing of mootness, Defendants "must demonstrate that it is *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." (Doc. 22 at 2−3.) (emphasis added by Plaintiff). He maintains that Defendants have not met this burden because Captain Vail's affidavit reaffirms the security concerns that led to the previous denials of in-person visits and thereby shows nothing more than a "discretionary and reversible promise." (*Id.* at 5−6.) Plaintiff further argues that the affidavit is insufficient to guarantee the availability of continued in-person attorney/client visits because Captain Vail is not the chief policy-maker for the County or the County Jail. (*Id.* at 6.) Both arguments are unpersuasive.

*Natural Resources Defense Council* and the other cases upon which Plaintiff relies dealt with the showing a defendant must make to moot an entire case or claim for injunctive relief or to deprive the court of jurisdiction over that request. 840 F.3d at 1102 ("In seeking to have a case dismissed as moot . . . the defendant's burden is a heavy one.") (quoting *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66 (1987) (citation omitted); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."). This line of cases is inapposite, however, because Defendants have merely argued that Plaintiff's motion should be denied as moot, not that the entire action—or even Plaintiff's underlying right to counsel claims—should be dismissed, and the Court's ruling on this motion will not deprive it of further jurisdiction over those claims.

In the context of preliminary injunctive relief, the plaintiff bears the burden of showing, among other factors, that he is likely to suffer irreparable harm absent an injunction. *Winter,* 555 U.S. at 20. Here, Defendants' evidence negates any showing that Plaintiff will be irreparably harmed absent the Court's intervention. Moreover, Plaintiff

does not dispute that he has been given all the relief he sought in his motion. Thus, any fear Plaintiff has that he will lose the ability to meet in person with counsel during the pendency of this action is merely speculative, and speculative injury is not a sufficient ground for the Court to take the "extraordinary and drastic" measure of ordering preliminary injunctive relief. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th 1988) (speculative injury is not irreparable injury sufficient for a preliminary injunction); *see Winter*, 555 U.S. at 22. "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean*, 844 F.2d at 674 (internal citations omitted).

The fact that Captain Vail issued the orders in question does not call for a different conclusion. Captain Vail testifies that his duties as a Captain at the Fourth Avenue Jail include "making decisions about visitation requests with inmates." (Doc. 21-1 ¶ 2.) This comports with Plaintiff's assertions in his motion that Vail is the one who prevented the kind of attorney/client contact that Plaintiff's counsel requested. (*See* Doc. 201 at 4.) Although Vail also told Mr. Borunda that his orders at the time came from Commander Marchand, there is no evidence that Vail acted outside the scope of his authority when he directed that Plaintiff would be entitled to the same attorney/client visits as any other inmate. (*See id.* ¶ 10.) As already noted, Plaintiff also does not dispute that he has since received the full extent of this requested relief. The Court expects that Plaintiff will immediately renew his request for injunctive relief if he is denied in-person visits in the interview room absent a demonstrated security concern. The Court will deny Plaintiff's motion for injunctive relief as moot.

**B****Attorneys' Fees**

Plaintiff's request for attorneys' fees related to the cost of filing this motion is premature and, in any case, does not comport with the procedures for seeking attorneys' fees in Local Rule of Civil Procedure 54.2. Rule 54.2(b)(2) requires that "the party seeking an award of attorneys' fees and related non-taxable expenses must file and serve

a motion for award of attorneys' fees . . . within fourteen (14) days of the entry of judgment in the action with respect to which the services were rendered." LRCiv 54.2(b)(2). Rule 54.2 further sets forth the content of the motion and supporting documentation required when seeking such fees. LRCiv 54.2(c), (d). Because there has been no final judgment in this action and Plaintiff has not followed the proper procedures for seeking attorneys' fees, the Court will deny this part of Plaintiff's motion.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Injunctive Relief (Doc. 20), and the motion is **denied** without prejudice as set forth in this order.

Dated this 12th day of October, 2017.

_____
David G. Campbell
United States District Judge